# EXHIBIT A



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**5550 Painted Mirage Rd. Suite 320**
**Las Vegas, NV 89149**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

DATE: September 19, 2022

This letter ("Engagement Letter" or "Retainer Agreement") will confirm that the Riggi Law Firm and David A. Riggi (the"Firm") has been engaged to represent TBD RESTAURANTS, LLC (the "Client") on the terms described in this letter.

Scope of Engagement

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Counsel the Clients with respect to all facets of a Chapter 11 proceeding before the United States Bankruptcy Court for the District of Nevada and undertake appropriate actions toward a confirmed plan of reorganization. It is understood that the viability of any recoveries, from third parties on behalf of the Client, has not been independently thoroughly determined by the Firm but it based on the representations of the Client. Representation and advice shall include, and not necessarily be limited to: preparation of all schedules and statements; attendance at all hearings; opposition to motions for relief from stay; prosecution of motions to value; preparation and prosecution of a plan OF reorganiation; and communication with opposing counsel to advance and obtain a confirmed plan of reorganization. Representation shall not include, unless specifically addressed in a separate agreement, prosecution of any lawsuit or court action that attempts to invalidate all or part of a mortgage note, or associated documents, based on alleged improper note origination or assignment.

Fees

The Firm's fees are based on an hourly rate of $450.00 per hour for attorney David A. Riggi. The Firm's attorney rate is a downward adjustment to accommodate the Client.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Clients if the Firm concludes that such a reduction is appropriate. The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and similar considerations.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**5550 Painted Mirage Rd. Suite 320**
**Las Vegas, NV 89149**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Costs and Expenses

The Firm's billing to the Client may include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the firm (such as telephone charges). Expenses are incurred from third parties (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical costs items include, but are not limited to: photocopies, long distances telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Clients at actual cost. Whenever practical, the Firm will not commit to a major expense or cost time without first discussing it with the Clients.

Expenditures for court services (filing fees, transcripts, audiotapes, etc.) are to be paid by the Client or, if more appropriate and feasible, by a third party for the Client, before the court services are engaged.

Billing

The Firm may send informational bills to the Client on a reasonable basis. Those bills may be due and payable within thirty (30) days from the entry of an order permitting payment.

For chapter 11 Debtors, the Firm may provide detailed billings organized by Task Category in accordance with the requirements of the Office of the U.S. Trustee. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

If the Firm is representing multiple clients (such as during joint administration of bankruptcy cases), then each of the Clients shall be jointly and severally liable for the total amount of the Firm's fees, costs and expenses. The Firm will cooperate with the Clients in allocation of fees, costs, and expenses among other who may be contributing to the payment, such as partners or insurers; however, the Firm will look to the Clients for ultimate responsibility for full and prompt payment for fees, costs and expenses.

Retainer

The Firm has received the amount of $5,000, which does not include the court filing fees 0f $1738.  The nonrefundable retainer may be held by the Firm until the Bankruptcy Court enters a final order approving the allowance and payment of the Firm's bills, on either a final or interim basis. Alternatively, if consistent with the law and practice in the District of Nevada



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**5550 Painted Mirage Rd. Suite 320**
**Las Vegas, NV 89149**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

General Responsibilities

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Clients which may aid the Firm in representing the Clients in the Matter.

The Client shall designate one of its personnel to be responsible for coordinating the Firm's representation with respect to the Matter. The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the client's interests. Unless otherwise agreed to by the Firm in writing, the Firm is authorized to discuss with each of the clients all relevant communications received from any of the other clients with regard to the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly indicate its concerns in writing and discuss the problem with the Firm.

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm requires that the Client participates in substantive and major decisions involving the Matter.  The Firm is authorized to use its best judgment for non-substantive and ministerial matters. Unless otherwise agreed or directed by the Client, the Firm will provide the Client copies, at the Client's cost, of all significant documents sent or received by the Firm in connection with the Matter. Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.

The Client agrees, and understands, that no rental income monies, from a property that has a mortgage holder, should be expended unless and until, the mortgage holder consents to specific expenditures, the Court permits specific expenditures, or counsel agrees that a particular expenditure may be necessary to preserve the property.   Accordingly, the Client shall immediately prepare a monthly budget of proposed expenditures for any such property.

The Client agrees, and understands, that there exists a Chapter 11 requirement to prepare, and then submit to the Firm, monthly operating reports.  If the Client is not able to prepare any of the monthly operating reports then Client shall retain a competent party to prepare the reports, and Client shall cooperate timely and fully with that third party.

Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**5550 Painted Mirage Rd. Suite 320**
**Las Vegas, NV 89149**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Commencement of Representation

A pre-court-approval attorney-client relationship between the Firm and the Client commenced with the initial communications between the Firm and the Client.  Except for an initial free consultation time period of one hour, all time expended by the Firm after that one hour free consultation may be billed by the Firm.

Termination of Representation

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this Engagement Letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall be prepared to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal, subject to any required approval by the court.

Governing Law of Rules of Professional Conduct

This Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada.

The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

Dispute and Arbitration

Any dispute with respect to this engagement or as to the amount of legal fees may be submitted for final and binding arbitration in Nevada. It is understood, however, that the appropriate forum to resolve any disputes is the United States Bankruptcy Court for the District of Nevada.

Effort and Outcome

The Firm agrees to competently and diligently represent the Clients in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

Retention of Files

The Client is responsible for maintaining their own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**5550 Painted Mirage Rd. Suite 320**
**Las Vegas, NV 89149**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Communication

One person shall be designated by the Client as the point of communication with the Firm. It is acknowledged that, in cases of joint representation (such as a husband and wife) or in cases of necessary joint authorization (such as a board of director, a requirement of multiple consents within any entity operating agreement, or co-trustees) that a communication to or from one of the Client representatives shall be considered a communication to or from all Client representatives.

The Firm will make every endeavor to be available beyond standard office hours of 9 a.m. to 5 p.m., PST, Monday through Friday, excluding holidays.  However, it is understood that the Firm is not obligated to be available outside of those standard office hours. Client shall respond to all communications as promptly as possible, including questions and requests by the Firm, whether transmitted in-person, in hard writing, by e-mail, by text messaging, by phone, or through an employee or agent.  Text messages, from the Client, should be limited to items and issues that are non-complex and only require a short response.  Any message left by Client should be more than a mere request for a call back – the actual reason for requesting a call back should be indicated.  Client shall comply with any request by the Firm to transmit the communication of any particular issue or query via e-mail. Any assertion of non-communication by the Firm, based on not returning a phone call, shall be articulated via e-mail. It is understood that a reply to a communication from the Client is not tardy, if at all, unless a response from the Firm does not occur within 24 hours of the communication (the 24 hour time period does not include, and does not commence, during non-business hours, weekends or holidays).  Any verbal communication from the Firm shall not be recorded without the specific authorization from the Firm (a phone message left from the Firm shall be considered as granting authorization for that particular communication).

Signatories

If a document requires signing by a representative or representatives of the Client, then the Client's point of communication designee is responsible to obtain that signature or, as appropriate, multiple signatures to forward onto the Firm. Emailed copies of signatures shall be considered as valid by the Firm and the Client shall deliver the actual wet signatured document to the Firm in a reasonable time period. Nevertheless, the Firm may utilize the copied signature for relevant purposes, including filing, but not necessarily limited to, a copy of the signed document with the court.

Subsequent Matters

In the event the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and Clients, those subsequent matters shall be governed by the terms and conditions of this Engagement Letter.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**5550 Painted Mirage Rd. Suite 320**
**Las Vegas, NV 89149**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Integration

This Engagement Letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This Engagement Letter shall not be modified except by written agreement signed by the Firm and the Client. This Engagement Letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,

/s/ *David A. Riggi*          DATE: 9-19-2022
David A. Riggi,
on behalf of the Law Firm


The terms and conditions expressed in the foregoing engagement letter are agreed and accepted.



JACOB TCHAMANIAN
Print name of Signer
on behalf of the Client

/s/ *Jacob Tchamanian*          DATE: 9-19-2022
Signature of  Jacob Tchamanian,
manager
on behalf of the Client